# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Sharon Robinson, | Civ. No. 08-694 (DSD/JJK) |
| Plaintiff, | |
| v. | |
| Michael J. Astrue, | **REPORT AND RECOMMENDATION** |
| Defendant. | |

Fay E. Fishman, Esq., Peterson & Fishman, counsel for Plaintiff.

Lonnie F. Bryan, Esq., Assistant United States Attorney, counsel for Defendant.

JEFFREY J. KEYES, United States Magistrate Judge

The above matter is before this Court on Plaintiff's Petition for Attorney's Fees (Doc. No. 25), pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $8,878.63.  Plaintiff contends that she is entitled to an award of attorney fees under the EAJA because she is the prevailing party in this case and because the Commissioner's position was not substantially justified.  This matter has been referred to this Court for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636 and D. Minn. Loc. R. 72.1.  For the reasons stated below, this Court recommends that Plaintiff's Application be granted.

## PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits in 2001.  (Doc. No. 21,

Report and Recommendation ("R&R") 2.)  The Social Security Administration denied her application both initially and on reconsideration.  (*Id.*)  After an administrative hearing before an Administrative Law Judge ("ALJ"), the ALJ issued an unfavorable decision, finding Plaintiff not eligible for disability insurance benefits.  (*Id.*)  On appeal, this decision was remanded by the District Court for the District of Minnesota for further consideration by the ALJ.  (*Id.*)  After a second hearing, the ALJ concluded that Plaintiff was not disabled and retained the residual functional capacity to perform work that existed in significant numbers in the national economy.  (*Id.* at 17-18.)  After the Appeals Counsel denied review, Plaintiff filed a civil action with this Court seeking review of the Commissioner's final decision.  (Doc. No. 1.)  Plaintiff and Defendant then filed cross-motions for summary judgment.  (Doc. Nos. 14, 16.)  On March 11, 2009, the undersigned issued a Report and Recommendation (Doc. No. 21), which recommended that Defendant's motion be denied, Plaintiff's motion be granted, and the case be remanded to the Commissioner of Social Security for an award of benefits.  (R&R 28-29.)  The Commissioner did not object to the undersigned's Report and Recommendation.  (*See* Doc. No. 23.)  On April 6, 2009, the District Court adopted the Report and Recommendation in an Order.  (*Id.*)  Plaintiff now requests an award of attorney fees and expenses under the EAJA.

**DISCUSSION**

The EAJA allows an award of attorney fees to the prevailing party in adversarial adjudications where the position of the United States was not substantially justified.  The EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort) . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  An application under the EAJA must include: (1) proof that the plaintiff was worth less than two million dollars at the time the civil action was filed; (2) a statement of the amount sought; (3) an itemized statement of the actual time spent by the attorney on the case; (4) a statement of the rate at which fees and other expenses have been computed; and (5) an allegation that the position of the United States was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(B).

Plaintiff's Petition complies with the above requirements.  The Commissioner does not object to the award of the requested fee in Plaintiff's Petition.  (Doc. No. 27.)  Because the Commissioner does not object to the award and Plaintiff has satisfied the requirements of the EAJA, this Court recommends that Plaintiff's Petition be granted.

## RECOMMENDATION

Based on the file, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Petition for Attorney's Fees (Doc. No. 25) be **GRANTED**; and

2. The Government be ordered to pay Plaintiff $8,878.63 in fees and expenses.

Date: May 19, 2009

                                         *s/ Jeffrey J. Keyes*
                                         JEFFREY J. KEYES
                                         United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 3, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.